JOHNNIE WOOD, by his next friend, v. McCABE & COMPANY.

(Filed 15 December, 1909.)

1. **Master and Servant — Hazardous Occupation — Negligence — Precautions—Duty of Employer.**

    If by the exercise of a proper precaution a dangerous occupation can be engaged in without harmful results, it is the duty of those engaged in the business to use such precaution with reference to their employees, and if the employees are left in ignorance of the dangers incurred, the employers are chargeable for their injuries.

2. **Same—Evidence—Nonsuit—Assumption of Risks.**

    Evidence of defendant's negligence is sufficient upon which to refuse defendant's motion to nonsuit thereon, which tends to show, that defendant, engaged in constructing a railroad, employed a sixteen-year-old boy to take charge of its dynamite magazine, and, among other things, to pick up and carry to the magazine dynamite sticks left scattered about by its workmen; that, if left exposed to the weather, these sticks would more readily explode from a slight jar; that defendant had not instructed the boy of the dangerous character of dynamite, he only knew dynamite would explode under a sixty-pound "jar," not understanding the meaning of the words; and that the injury complained of occurred while plaintiff was picking up some of the sticks left exposed by workmen several days before. In such instances the doctrine of assumption of risks is not presented.

APPEAL from *Justice, J.,* July Term, 1909, of McDOWELL.

Civil action to recover damages for personal injury. The suit appears to have been originally brought against the South and Western Railway Company, as well as the defendants, McCabe & Co., but no answer was filed by the railway company and no issue was submitted as to it, and no judgment taken against it. It is presumed the suit as to the railway company was not prosecuted.

These issues were submitted to the jury:

1. "Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?" Answer: "Yes."

2. "Did the plaintiff, by his own negligence, contribute to his own injury, as alleged in the answer?" Answer: "No."

3. "What damage, if any, is the plaintiff entitled to recover of the defendant?"    Answer: "$6,441."

From the judgment rendered the defendants McCabe & Co. appealed.

*Pless & Winborne* and *St. John & Shelton* for plaintiff.
*Hudgins, Watson & Johnston* for defendants.

Brown, J.    After examination of the several assignments of error, we are of opinion that the merits of this appeal may be fully considered upon the motion to nonsuit.

The evidence tends to prove that the plaintiff, a boy of sixteen years, was employed by the defendants, McCabe & Co., contractors, engaged in the construction of the South and Western Railway, and placed in charge of the dynamite magazine; that, among other duties assigned to him, he had to pick up from the ground, where the roadbed was being constructed, the dynamite sticks, left scattered about by the workmen, and carry them to the magazine.    The evidence shows that the boy was required to do this work without being given any instructions as to dynamite, its nature or dangers, the nature of the danger to be apprehended, or any other instructions of any kind as to handling it. The plaintiff so states, and no witness for the defendant claims to have given him any specific instructions nor to have described the danger, but some of them state that they had told him that it was dangerous.    Plaintiff states explicitly that all he knew about the explosive qualities of dynamite was that it took a sixty-pound jar to put it off, but did not know what a sixty-pound jar was.

There is evidence tending to prove that dynamite, after exposure, becomes highly explosive, and a very slight jar will explode it.    The plaintiff, in discharge of his duty, picked up some sticks left on the ground by the workmen for some two or three days, and they exploded and seriously injured him.

The defendants, in the exercise of ordinary care and prudence, should never have placed a boy of sixteen in charge of a dynamite magazine, but we are not now called upon to declare that such thoughtlessness is *per se* actionable negligence.    The uncontradicted evidence shows the extremely dangerous duties of guarding, picking up and handling that highly dangerous explosive were assigned to this sixteen-year-old lad, without any instruction sufficient to enable him to guard against danger to himself.    Had he been instructed that dynamite when exposed to the weather would explode more readily and from a very slight jar,

he would have been forewarned and enabled to guard against a danger he had been apprised of. Under such conditions, there might be some foundation for the application of the doctrine of assumption of risk.

If an occupation, attended with danger, can be prosecuted by proper precaution without harmful results, such precaution must be taken, or liability for injuries will follow if injuries ensue; and if laborers, engaged in such occupation, are left by their employers in ignorance of the dangers incurred, and suffer in consequence, the employers are chargeable for their injuries.

The explosive nature of dynamite and the increased danger of its explosion when left out, exposed to atmospheric influences, was undoubtedly well known to these railway builders, and such knowledge was a continuing admonition to them to take every precaution to protect those who handle it, certainly by imparting to them proper instructions.

In commenting on this subject, *Justice Field* has well said, in *Mather v. Rillston,* 156 U. S., 399 : "So, too, if persons engaged in dangerous occupations are not informed of the accompanying dangers by the promoters thereof, or by the employers of laborers thereon, and such laborers remain in ignorance of the dangers and suffer in consequence, the employers will also be chargeable for the injuries sustained. Both of these positions should be borne constantly in mind by those who engage laborers or agents in dangerous occupations, and by the laborers themselves, as reminders of the duty owing to them. These two conditions of liability of parties employing laborers in hazardous occupations are of the highest importance, and should be in all cases strictly enforced."

All courts and writers agree that the degree of care required of persons using such dangerous instrumentalities as dynamite in their business is of the highest, and what might be reasonable care in respect to grown persons of experience would be negligence as applied to youths and children. 7 Am. & Eng., 441; *Matson v. Railroad,* 111 Am. St., 487.

Applying these settled principles to the uncontradicted evidence, it would seem to be plain that, in any view of it, the plaintiff is entitled to recover of the defendants, McCabe & Co., if such facts are found to be true.

Upon a review of the entire record, we find no reversible error.

No error.